Common Pleas Court of Trumbull County.

IN RE LIQUIDATION OF THE CITIZENS COMMERCIAL & SAVINGS BANK OF WARREN, OHIO.

Decided January 4, 1933.

*Paul E. Kightlinger,* for bonding company.

*G. H. Birrell,* pros. att'y., for county treasurer.

*Charles Anderson,* for Ira J. Fulton, Supt. of Banks for the state of Ohio.

GRIFFITH, J.

This is an action to determine whether a bonding company, after paying a depositor the amount named in the bond, is entitled to subrogation *pro tanto* to the amount paid by it on the bond and entitled to participate in all dividends to general creditors.

In August, 1928, the county commissioners designated the Citizens Commercial and Savings Bank of Warren, Ohio, as the depository of the county funds. A depository bond was executed with the bank as principal and the National Union Indemnity Company of Pittsburgh, Pennsylvania, as surety to secure the deposit of the moneys of the county in said bank to the extent of $10,000.00. On August 21, 1931, the superintendent of banks took over the Citizens Commercial and Savings Bank for the purpose of liquidation. When the superintendent of banks took over the bank, the county had upon deposit $39,000.00. This deposit was at the time of the closing

of the bank secured by a $10,000.00 bond of the National Union Indemnity Company, a $10,000.00 bond of the New Amsterdam Casualty Company and municipal and industrial bonds of the face value of $19,000.00. The county treasurer made demand upon the bonding company in due time and on October 7, 1931, the bonding company paid the county $10,036.92 in full settlement of its liability under its bond. The bonding company in making the remittance of its draft stated in its letter, "This payment is made to you with the understanding that you will immediately place in our hands a properly executed release and assignment, the form of which is attached to this letter, together with a certificate of proof of claim on the form used by the banking department of the state of Ohio." Among other things that letter said, "It is our practice in making such settlements by mail to request that the executed assignment and certificates be placed in our hands prior to the date upon which our draft is presented for payment. Therefore you will oblige us by forwarding the instruments in question so that they will reach us in time to permit the approval of the draft when it is presented."

The treasurer accepted the draft, endorsed it and it was paid on October 13, 1931. On October 9, 1931, the county commissioners executed the instrument of assignment and spread it upon its records, which instrument provides among other things as follows:

"In further consideration of said payment claimant hereby sells, assigns and sets over unto the National Union Indemnity Company all its rights, title and interest in and to its claim of $10,000.00 against the Citizens Commercial and Savings Bank of Warren, Ohio, granting unto the said the National Union Indemnity Company the right to treat such claim as its own and to accept and receipt for any and all dividends and payments which shall accrue or have accrued on said claim and to employ counsel and to proceed on such claim in the name and stead of said claimant for any and all purposes free and clear of any costs to said claimant. The claimant specifically agrees, as further consideration, to provide and deliver to the National Union Indemnity Company a certificate of proof of claim on the form recognized by the banking depart-

ment of the state of Ohio evidencing the recording and approval of the said claim by that department and its transfer to the National Union Indemnity Company."

On November 4, 1932, a dividend of 12½ per cent upon creditors' claims was by this court ordered paid upon the application of the superintendent of banks. It is admitted that the claim of the county had not been paid in full, that there is still due the county over $9,000.00 and that the county treasurer still has custody of the municipal and industrial bonds which were pledged with him and that he has been unable to realize anything from them to apply on the balance due the county. In other words, the entire indebtedness of the county has not been paid by the bank. The indemnity company contends that it is entitled to subrogation *pro tanto* to the amount paid by it on the bond; that by its act of paying to the county the sum of $10,036.92 the bank thereafter owed two claims—one for the amount covered by the bond and the other for the balance of the deposits in the bank and that it is entitled to the dividends by reason of the assignment instrument of the county commissioners. The established rule that the surety may not claim subrogation against an insolvent debtor until the creditor is paid in full needs no comment. However, the creditor may enter into a contract and may give the surety advantages which it could not secure under the law. The county is relying largely upon the case of *Blair* v. *Board of Education,* 38 Ohio Appeals, 303, in support of its contention that a surety after paying a depositor the amount of his bond is not entitled to subrogation *pro tanto* until the depositor has been paid in full. In the case at bar the commissioners entered into the written instrument of assignment. It was a contract. The Indemnity Company agreed to honor and pay the draft provided the commissioners executed this contract. The indemnity company exacted this assignment as a condition to the payment of the draft. The commissioners elected to enter into the deal with the surety company. It was an express contract based upon a valuable consideration. It was a complete and unqualified assignment to the indemnity company

of the ownership of this claim. Had the commissioners executed this assignment to a third party no one questions the right of the holder of the assignment to participate in the dividends. The county commissioners chose to assign this claim so that the entire bond obligation would be paid in October, 1931. This assignment was made before the draft was paid.

The court is of the opinion that the case at bar is clearly distinguishable from the *Blair* v. *Board of Education* case as in that case the Board of Education entered into no express contract giving the surety advantages that the surety did not have under the law. In the case at bar the commissioners gave the surety the privilege and right of "treating the claim as its own and to accept and receipt for any and all dividends and payments which shall accrue or have accrued on said claim."

In view of the foregoing it follows that the injunction as it applies to the National Union Indemnity Company should be dissolved and the order of November 4, 1932, remain unmodified and undisturbed.